# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# COURT FILE NO.: CV - _____

| | |
|---|---|
| Sherry K. McHugh,<br>　　　Plaintiff<br><br>v.<br><br>Delanore, Kemper & Associates, LLC,<br>Ed Beckham, and Mel Clark,<br>　　　Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress

drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4. Because Defendants do business within the State of Pennsylvania, personal jurisdiction is established.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

6. Plaintiff, Sherry K. McHugh, is a natural person who resides in the Town of Jim Thorpe, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Delanore, Kemper & Associates, LLC (hereinafter referred to as "DKA"), is a limited liability company, with a business address located at 2221 Peachtree Road, Suite 473, Atlanta, GA 30342.

8. Defendant, Ed Beckham, is upon information and belief a natural person employed by Defendant, DKA, as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant, Mel Clark, is upon information and belief a natural person employed by Defendant, DKA, as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. At all times relevant to this Complaint, Defendants, DKA, Ed Beckham and Mel Clark transacted business in the Middle District of Pennsylvania and at other locations throughout the United States,

operating as a collection agency and as a "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff, Sherry K. McHugh allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a pay day loan.

12. Plaintiff allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

13. Plaintiff's account was assigned, sold or otherwise transferred to Defendant, DKA for collection.

14. In or around January of 2009, Defendant DKA, through its agents/employees began placing telephone calls to Plaintiff's place of employment.

15. Defendant, DKA through its agent/employee Defendant, Ed Beckham placed a telephone call to Plaintiff's place of employment during January 2009 and spoke with one of Plaintiff's supervisors.

16. Defendant, Ed Beckham informed Plaintiff's supervisor that he was an investigator and wished to speak with Plaintiff. Plaintiff's

supervisor advised Defendant, Beckham, that Plaintiff could not receive such calls at work.

17. After learning from her supervisor that Defendants attempted to contact her at work, Plaintiff placed a telephone call to Defendants to discuss the matter.

18. Plaintiff was connected with Defendant, Beckham who advised her that he needed a statement from her by the end of the day or the matter would move forward and be taken to court.

19. Defendants' above referenced communications with Plaintiff and her supervisor utilized false, deceptive and misleading representations in attempt to collect an alleged debt in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10) and 1692f amongst others.

20. Defendants' above referenced communications with Plaintiff further misrepresented the legal status of the alleged debt and threatened to take action that Defendant could not legally take and/or did not intend to take in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5) 1692e(10) and 1692f amongst others.

21. On or around March 4, 2009, Defendant DKA, through its agent/employee Defendant, Mel Clark, placed another telephone call to Plaintiff's place of employment, despite having received prior notification that Plaintiff could not receive calls at work. Defendant, Clark identified himself to Plaintiff's supervisor as an investigator from the fraud unit.

22. As a result to the March 4, 2009 telephone call, Plaintiff's supervisor contacted her and requested that she leave her postal route and return to the office to handle the matter.

23. Plaintiff again contacted Defendants. This time Plaintiff was connected with Defendant, Clark. While speaking with Plaintiff, Defendant, Clark yelled to another agent/employee of Defendant, DKA and asked whether the judge still had Plaintiff's case in his chambers, to which he replied yes.

24. Defendants' March 4, 2009 communication with Plaintiff's place of employment was made without prior consent of Plaintiff and with the knowledge that Plaintiff's employer prohibited such communications violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(10) and 1692f amongst others.

25. Defendants' March 4, 2009 communication with Plaintiff falsely and deceptively misrepresented the legal status of the alleged debt and threatened to take action that Defendants could not legally take or did not intend to take in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f amongst others.

26. On or around March 4, 2009, Defendant DKA's agent/employee Defendant, Clark placed a telephone call to Plaintiff's home.

27. During the March 4, 2009, Defendant, Clark only indentified himself as investigator Mel Clark.

28. At no point during Defendant, Clark's conversation did he provide Plaintiff with meaningful disclosure of his identity or his employer in violation the FDCPA provision 15 U.S.C. § 1692d(6).

29. While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry.

30. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

37. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

38. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

39. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b) Communicating with a consumer at any unusual place, or unusual time known to be inconvenient to the consumer;

(c) Communicating with a consumer at their place employment when the debt collector knows the consumer's employer prohibits such communications;

(d) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(e) The false representation of the character, amount, or legal status of any debt;

(f) The false threat to take any action that cannot legally be taken or that is not intended to be taken;

(g) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

(h) The placement of telephone calls without meaningful disclosure of the caller's identity;

  (i) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

40. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

41. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

44. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

47. Defendant, DKA, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

48. Defendant, Beckham, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

49. Defendant, Clark, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

50. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 26, 2009                    **RAPA LAW OFFICE, P.C.**

By: _____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Sherry K. McHugh, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 4/3/09

Sherry K McHugh