IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERYL K. MCHUGH,<br><br>Plaintiff,<br><br>vs.<br><br>DELANORE, KEMPER & ASSOCIATES, LLC., ED BECKHAM & MEL CLARK<br><br>Defendant. | Hon. Thomas I. Vanaskie<br>Civil Action No.: 09-631 |

## MEMORANDUM IN SUPPORT OF MAURICE & NEEDLEMAN, P.C.'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO THE DEFENDANTS, DELANORE KEMPER & ASSOCIATES, LLC & MEL CLARK.

Maurice & Needleman, P.C., by and through its counsel, Joann Needleman, Esq., as attorneys of record for the Defendants, Delanore Kemper & Associates, LLC and Mel Clark, files this Memorandum of Law in Support of its Motion for Leave to Withdraw as counsel.

**FACTS**

On or about May 18, 2009, Maurice & Needleman, P.C. were approached by the Law Firm of Franzen & Salzano, a law firm in Georgia to represent and defend their client, the Defendant, Delanore Kemper & Associates, LLC as well as its employee, Mel Clark, in the above action as local counsel. Plaintiff has asserted that the Defendants have violated of the Fair Debt Collections Practices Act ("FDCPA") as well as other state consumer protections statutes in their efforts to collect a debt from the Plaintiff.

Joann Needleman, Esq, of the firm had several telephone conversations with both Delanore Kemper and Franzen & Salzano and was authorized by both to file an answer on

Defendants' behalf and did so on June 19, 2009. 4.  On that same date Joann Needleman entered her appearance as well. The following week the Defendants executed a legal services agreement in favor of Maurice & Needleman, P.C. Subsequent to the receipt of the executed legal services agreement, Joann Needleman's representation of the Defendants included the following:

    a.    Reviewing documents of the Defendants to prepare initial disclosures;

    b.    Discussions with the Defendants regarding settlement demands and offers of judgment; and

    c.    Preparation of discovery including noticing the Plaintiff for deposition.

Two weeks thereafter, Ms. Needleman left numerous messages for the Defendants to discuss their documents, discovery strategy, as well as settlement demands, however the Defendants repeatedly failed to respond to counsel's messages.  On July 15, 2009, counsel for Plaintiff forwarded his proposed Rule 26(f) report and again Ms. Needleman attempted to contact the Defendants to discuss the report as well as the work done prior, with no response.

Franzen & Salzano has since notified Ms. Needleman that they have had no communication with the Defendants, nor has the Defendants paid any of their open invoices for other unrelated matters.  Furthermore, Maurice & Needleman, P.C. has open invoices for work completed that are 90 days past due, with a total amount due and owing to Maurice & Needleman, P.C. as of this date  of $1,459.98. Maurice and Needleman, P.C. has made numerous attempts to contact the Defendants to discuss their case as well as to address the open invoices to no avail.

**ARGUMENT**

Local Rule  83.15 of the United States District Court of the Middle District of Pennsylvania provides as follows:

> **Withdraw of Appearance**.
> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

Clearly this rule provides for judicial discretion when considering an attorney's request to withdraw its appearance on behalf of a party. In this case, Defendant has failed and refused to pay its legal fees when they have become due and has failed to communicate with its local counsel as well as its counsel in Georgia. Such a lack of cooperation has resulted in an undue and unreasonable hardship upon the undersigned counsel. Counsel is unable, and at this point unwilling, to expend time and effort to protect a client's interest when it is clear the client does not desire it's interest protected. Therefore, good cause exists pursuant to Rule 1.66(b)(6) of the Pennsylvania Rules of Professional Conduct as well as applicable federal rules, for Joann Needleman, Esq. and her firm to withdraw their appearance.

Plaintiff's counsel has been made aware of the filing of this motion and has no objection to same.

WHEREFORE, Maurice & Needleman, P.C. respectfully requests this Court to grant its Motion for Leave to Withdraw as Counsel.

/s/ *JOANN NEEDLEMAN*
_____
JOANN NEEDLEMAN (74276)
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970
joann@mnlawpc.com

Date: September 11, 2009

3

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct of the foregoing Memorandum of Law in Support of its Motion for Leave to Withdraw as Counsel was served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:

JASON RAPA
141 S 1ST STREET
LEHIGHTON, PA 18235

DELANORE KEMPER & ASSOCIATES, LLC
2221 PEACHTREE ROAD
SUITE 473
ATLANTA, GA 30342

FRANZEN & SALZANO
40 TECHNOLOGY PARKWAY
SUITE 202
NORCROSS, GA  30092


                                                                               /s/ *JOANN NEEDLEMAN*
                                                                               _____
                                                                               JOANN NEEDLEMAN (74276)

Dated:  September 11, 2009